IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMANDA SCIOLLA, et al., | : | CIVIL ACTION |
| | : | NO. 11-5604 |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| WEST BEND MUTUAL INSURANCE CO., | : | |
| | : | |
| Defendant. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                    NOVEMBER 21, 2012

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 9, 10. For the reasons that follow, the Court will deny the parties' motions.

Plaintiffs Amanda Sciolla and Meredith Hopkins (collectively, "Plaintiffs") brought this suit seeking declaratory relief requiring that West Bend Mutual Insurance Company ("Defendant") defend and indemnify Buckeye Donkey Ball, L.L.C. ("Buckeye"). Plaintiffs' Complaint relates to a previous action filed against Buckeye.[1] Defendant was Buckeye's insurance carrier. Defendant alleges that, per its policy, Defendant has no duty to defend or indemnify Buckeye in the previously filed

---

[1] That complaint alleged claims of, inter alia, negligence. The action was discontinued at Plaintiffs' request, without prejudice.

action. In its Answer, Defendant denies all of Plaintiffs' allegations and asserts a variety of affirmative defenses. Def.'s Answer, ECF No. 5.

Plaintiffs are both teachers in the Pennsbury School District. Buckeye puts on "Donkey Ball" shows that involve people riding donkeys while playing basketball. Relevant here, Buckeye put on a Donkey Ball show on November 13, 2009, at the Charles Boehm Middle School in the Pennsbury School District. Plaintiffs participated in this show and were thrown off their donkeys, sustaining injuries. Plaintiffs then filed a personal injury suit against Buckeye. See Compl. ¶ 12, ECF No. 1; Id. Ex. D (attaching original complaint in Hopkins, et al. v. Buckeye Donkey Ball L.L.C., No. 11-377).

At the time of the November 13, 2009, Donkey Ball show, Defendant insured Buckeye.[2] In disclaiming any duty to defend or indemnify Buckeye, Defendant cites a subsequently-added policy exclusion, which excludes insurance coverage for "Athletic or Sports Participants" such that the "insurance does

---

[2] The fact that Defendant insured Buckeye is undisputed. However, what contract memorialized the terms of this policy is disputed. See infra pp. 5-6.

As to the Exclusion, although disagreeing regarding whether it operates in this case, the parties do not dispute that the Exclusion was part of the insurance contract between Defendant and Buckeye. See Def.'s Mot. Ex. C; Pls.' Br. in Opp'n to Def.'s Mot. for Summ. J. 2, ECF No. 10.

2

not apply to 'bodily injury' to any person while practicing for or participating in any sports or athletic contest or exhibition that [Buckeye] sponsor[s]" (the "Exclusion"). Def.'s Br. in Supp. of Summ. J. Ex. C, ECF No. 9 [hereinafter Def.'s Br.]. In a letter to Buckeye, dated March 31, 2010, Defendant disclaimed liability under this Exclusion. Id. Ex. D. Thereafter, Buckeye assigned its rights under the insurance policy to Plaintiffs. Pls.' Compl. Ex. E.

Following discovery, Defendant moved for summary judgment. Def.'s Mot. for Summ. J., ECF No. 9. Plaintiff responded in opposition and cross-moved for summary judgment. Pls.' Resp. and Cross-Mot. for Summ. J., ECF No. 10.[3] Defendant then filed a motion for leave to file a reply brief. Def.'s Reply, ECF No. 12. Plaintiffs responded in opposition to this motion. Pls.' Surreply, ECF No. 13. The parties' motions are now ripe for disposition.

---

[3] In their response, Plaintiffs not only oppose Defendant's motion, but also move for summary judgment themselves. Pls.' Resp. and Cross-Mot. for Summ. J. Although timely as a response, Plaintiffs' cross-motion for summary judgment is untimely, as Plaintiffs filed the motion on April 6, 2012. See First Scheduling Order ¶ 5, ECF No. 8 (requiring any motions for summary judgment to be filed by March 22, 2012, and responses thereto by April 12, 2012). Nonetheless, Defendant did not object to the untimeliness and instead responded in opposition. The Court therefore discerns no prejudice from Plaintiffs' untimely motion. Accordingly, the Court will consider Plaintiffs' motion.

Summary judgment is appropriate if there are no genuine disputes of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)). A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

In undertaking this analysis, the court views the facts in the light most favorable to the non-moving party. "After making all reasonable inferences in the nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party." Pignataro v. Port Auth. of N.Y. & N.J., 593 F.3d 265, 268 (3d Cir. 2010) (citing Reliance Ins. Co. v. Moessner, 121 F.3d 895, 900 (3d Cir. 1997)). While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, meeting this obligation shifts the burden to the non-moving party who "must set forth specific facts showing that there is a genuine

issue for trial." Anderson, 477 U.S. at 250 (internal quotation mark omitted).

In ruling on cross-motions for summary judgment, each motion must be examined separately. Thus, the Court will first examine Defendant's motion.

As a preliminary matter, Defendant's motion requires the Court to interpret the terms of Defendant's insurance contract with Buckeye, including provisions in the general insurance policy as well as the Exclusion. But the parties do not agree that Plaintiffs' copy is the operative insurance policy.[4]

---

[4] In their Complaint, Plaintiffs argue that Defendant entered into a general liability insurance contract with Buckeye, and that Plaintiffs' Exhibit A is a copy of that contract. Compl. Ex. A, at 4 (attaching National Union Fire Insurance Company contract, Insurance Policy Number SRG 9118291). This contract appears to have been adopted and renewed by another insurance company in Policy Amendment Rider # 1. Id. at 1. But on its face, the Rider does not clearly identify what company is taking over and renewing the contract.

Defendant denies that Exhibit A is the contract between Defendant and Buckeye. See Answer ¶ 8, ECF No. 5. Defendant admits only that, on the date in question, it insured Buckeye under a general liability policy issued by West Bend, No. NSK0887822 02. Id.

In its motion for summary judgment, Defendant does not object to and indeed acknowledges the existence of an insurance contract. See Def.'s Reply 6 (referencing "[t]he general liability policy"). Defendant also argues that "[t]he facts in this case are not in dispute." Def.'s Br. 6. While the facts underlying the November 13, 2009, Donkey Ball show may not be in dispute, proving the operative insurance contract and the

5

Here, the parties appear to dispute the authenticity, completeness, and application of Plaintiffs' proffered insurance contract. Additionally, central to resolving the parties' dispute is determining whether Plaintiffs constitute "players" covered by the policy or "participants" not covered under the Exclusion. These issues are genuine and unresolved disputes of material fact. Accordingly, the Court will deny Defendant's motion.

Plaintiffs' motion raises the same unresolved disputes of material fact; namely, the authenticity of Plaintiffs' proffered insurance contract, the terms of the insurance policy between Defendant and Buckeye, and whether Plaintiffs constitute "players" covered by the policy or "participants" not covered under the Exclusion. Therefore, the Court will also deny Plaintiffs' motion. An appropriate order will follow.

---

application of its terms are unresolved issues of fact, which render summary judgment inappropriate.

6